IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALFONZO WALKER, JR.**                                                                                        **PLAINTIFF**

v.                                                                        CAUSE NO. 1:24CV386-LG-RPM

**BEAU RIVAGE RESORTS, LLC**                                                            **DEFENDANT**

## ORDER GRANTING IN PART AND DENYING PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

In this lawsuit, Plaintiff Alfonzo Walker, Jr., claims that his former employer, Beau Rivage Resort, LLC, terminated him due to his religion. On September 4, 2025, the Court dismissed most of Walker's claims and ordered Walker to file an amended complaint. Plaintiff filed an Amended Complaint on October 16, 2025, and Beau Rivage filed a [21] Motion to Dismiss. Walker did not file a response to the present Motion, but, due to Walker's pro se status, the Court has considered an untimely [17] Response Walker filed to Beau Rivage's first [7] Motion to Dismiss. After reviewing the [21] Motion, the Response, the record in this matter, and the applicable law, the Court finds that Beau Rivage's Motion to Dismiss should be granted as to all of Walker's claims except his Title VII claim for religious discrimination.

### BACKGROUND

In his original Complaint, Walker stated that Beau Rivage terminated him after he displayed a religious sign on his locker that it deemed to be threatening. He further attempted to allege claims for violations of his right to freedom of religion, Title VII religious discrimination, and Title VII systemic discrimination.

After Beau Rivage filed a [7] Motion to Dismiss and for More Definite Statement, the Court determined that all of Walker's claims, except his Title VII claim, should be dismissed without prejudice. The Court also granted Beau Rivage's request for a more definite statement concerning his Title VII claim, and it ordered Walker to file an amended complaint. The Court explained that Walker did not provide sufficient facts and information to support each of his claims.

On October 16, 2025, Walker filed an [18] Amended Complaint in which he provided the same allegations that the Court previously found to be deficient. On that same day, he also filed an untimely [17] Response to Beau Rivage's first [7] Motion to Dismiss. This Response clarified the nature and basis for Walker's claims.[1]

## DISCUSSION

### I. WHETHER WALKER'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER

"The filings of a pro se litigant are to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (citation modified). Furthermore,

> a complaint is not subject to dismissal unless it appears to be a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Even then, a court ordinarily should not dismiss the complaint except

---

[1] For example, Walker explained that he was not attempting to assert a claim when he mentioned his February 14, 2024, heart attack. He was attempting "to demonstrate his long-standing dedication, loyalty, and years of service to the Defendant, even at the expense of his personal health." Resp. [17] at 2.

>after affording every opportunity for the plaintiff to state a claim upon which relief can be granted.

*Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (citation modified). Finally, dismissal with prejudice is improper "unless the history of a particular case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." *Yanez v. Dish Network, L.L.C.*, 140 F.4th 626, 633 (5th Cir. 2025). And the Court must find "at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (citation modified).

Applying these principles to the present case, the Court finds that Walker's Amended Complaint should not be dismissed due to his failure to comply with the instructions in the Court's Order. Considering Walker's allegations liberally, as the Court must, the Court finds that dismissal of his lawsuit would be inappropriate at this time, particularly since Walker's Title VII claim would likely be barred by the statute of limitations if the Court dismissed it.

## II. TITLE VII RELIGIOUS DISCRIMINATION

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) challenge, a plaintiff must allege "enough facts to state a claim that is plausible on its face." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 783–84 (5th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In considering a motion to dismiss under Rule 12(b)(6), a court "accept[s] all well-pleaded facts as true and review[s] them in the light most favorable to the plaintiff." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 372 (5th Cir. 2010).

Title VII makes it unlawful for employers "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"  42 U.S.C. § 2000e-2(a)(1) (citation modified).  To support a Title VII claim, a plaintiff must plead "(1) an adverse employment action, (2) taken against a plaintiff because of [his] protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (citation modified).

Walker, who is Muslim, alleges that he was terminated for placing a religious sign on his locker at work.  He further claims that "other employees are allowed to display . . . religious signs and symbols on their lockers without repercussions." Am. Compl. [18] at 5.  The Court finds these facts are sufficient to state a Title VII claim for religious discrimination.

### III. VIOLATION OF RIGHT TO FREEDOM OF RELIGION

In his [17] Response, Walker concedes that Beau Rivage is not a state actor, and he clarifies that he is attempting to assert a Title VII claim for religious discrimination.  As a result, to the extent that Walker's Complaint could be

construed to allege a First Amendment claim for violation of his right to freedom of religion, that claim is dismissed.

## IV. TITLE VII SYSTEMIC DISCRIMINATION

In his Amended Complaint, Walker alleges:

> [O]n multiple occasions, Caucasian employees violated company and state policies without facing disciplinary action. When Walker raised concerns about those violations to management, no corrective action was taken.

Am. Compl. [18] at 5. When he filed his [17] Response, he also attached several forms he used to submit complaints about other employees to Beau Rivage.

"The systemic disparate treatment theory focuses on whether the employer engaged in a 'pattern or practice' of intentional discrimination, that is, whether discrimination was the employer's standard operating procedure rather than a sporadic occurrence." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 409 (5th Cir. 1998). Walker is not seeking relief on behalf of a class; he has filed an individual claim. "Consequently, his evidence of a pattern and practice can only be collateral to evidence of specific discrimination against the actual plaintiff." *See Gilty v. Vill. of Oak Park*, 919 F.2d 1247, 1252 (7th Cir. 1990) (citation modified); *see also Smith v. Stokes Distrib. Co.*, 166 F.3d 340, at *1 (5th Cir.1998) (citation modified) (unpublished table opinion) ("In an individual action . . . pattern and practice evidence can only be collateral to evidence of specific discrimination against the actual plaintiff."). As a result, Walker has not stated a separate claim for systemic discrimination. Any evidence he may have of systemic discrimination would, at

most, provide context for his individual claim.[2]

## CONCLUSION

The Court finds that Walker has stated a claim for Title VII religious discrimination in his Amended Complaint. Any additional claims Walker may have attempted to file are dismissed without prejudice for failure to state a claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Beau Rivage's [21] Motion to Dismiss is **DENIED** as to Walker's Title VII religious discrimination claim and **GRANTED** in all other respects. All claims aside from Walker's Title VII claim for religious discrimination are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Beau Rivage's [21] Motion for More Definite Statement is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 2nd day of December, 2025.

/s *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The admissibility of evidence of systemic discrimination is not currently before the Court. The Court is merely determining whether Walker has stated a systemic discrimination claim.